UNITED STATES OF AMERICA
WESTERN DISTRICT OF NEW YORK

_____

DARRYL GILLIAM,

       Plaintiff,                                DECISION AND ORDER
                                                                06-CV-6351 CJS

vs.

DR. FARR, Maxofacial Surgeon, DR. BROWN, Maxofacial
Surgeon, LT. HAMULA, Chemung County Jail,
MARK JONES, ANNE DANIELS, JOHN BRINTHAUPT,
Acting Sheriff on the date of the incident, JOHN DOE #6,
Maxofacial Surgeon, SUPERINTENDENT OF CHEMUNG
COUNTY JAIL, COMMISSIONER GOORD and
SHERIFF OF CHEMUNG COUNTY,

       Defendants.
_____

**APPEARANCES**

| | |
|---|---|
| For Plaintiff: | Darryl Gilliam 01-A-1478<br>Westchester County Jail<br>P.O. Box 10<br>Valhalla, NY 10595 |
| For Defendants Farr and Brown: | Terence P. O'Connor, Esq.<br>O'Connor, O'Connor, Bresee & First PC<br>20 Corporate Woods Boulevard<br>Albany, NY 12211 |
| For Defendants Lt. Hamula,<br>Anne Daniels, John Brinthaupt,<br>Superintendent of Chemung County Jail,<br>Sheriff of Chemung County: | Donald S. Thomson, Esq.<br>Davidson & O'Mara, P.C.<br>243 Lake Street<br>Elmira, NY 14901 |
| For defendant Goord: | Benjamin Bruce, A.A.G.<br>New York State Office of the Attorney<br>   General<br>144 Exchange Blvd., Suite 200<br>Rochester, NY 14614 |

## INTRODUCTION

The case is before the Court on the motions of Defendants Goord (# 25), Farr and Brown (# 15) for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), or both. For the reasons stated below, the motions are granted.

## FACTUAL BACKGROUND

For the purpose of these motion, the Court assumes the facts plead in the complaint are true. Plaintiff's amended complaint, filed on January 9, 2007, alleges as a first cause of action that on December 13, 2005, he was assaulted and battered by fellow prisoners while he was an inmate at the Chemung County Jail. He further alleges that the beating was arranged by one of the officers in charge of the block in which he was housed. (Am. Compl., at 7.[1]) For a second cause of action, Plaintiff alleges that in February 2005, Dr. Farr and Dr. Brown, two maxillofacial surgeons,[2] added a metal plate to his jaw two months after it had been broken in the December assault, described in the first cause of action. As a result, Plaintiff states that he experienced substantial pain and that the metal plate caused further damage to his mouth because it was not properly set, leaving the bone in the bottom of his jaw unconnected, causing further 'outrageous pain and suffering.' (Am. Compl., at 9.)

---

[1] Not all the pages of the amended complaint are numbered. The numbers here refer to the ones in the Adobe Portable Document Format version of the amended complaint on file with the Court's CM/ECF system.

[2] Plaintiff also makes allegations against a Dr. John Doe, evidently also a maxillofacial surgeon, but he has not yet been identified or served.

Plaintiff further alleges that he was assaulted on February 20, 2005, at the Elmira Correctional Facility and that,

> After my assault on 2-20-05 I wrote the commissioner to ask that I be held in protective custody to be protected from the inmates as well as staff and others wanting to do me harm in the Chemung County Jail. He never responded to the complaints that I formally made, and subsequently I was never protected by the man in charge being Commissioner Goard [sic]. So I have also included him in my 1983 claim for being aware of my assault on 2-20-05, but doing nothing to protect me from my future assault of 12-13-05 at the Chemung County Jail.

(Am. Compl., at 9.)

Defendant Goord, the former Commissioner of the New York State Department of Correctional Services, moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for judgment on the pleadings pursuant to Rule 12(c). He argues that:

> In the matter before the Court Plaintiff merely alleges that she [sic] was injured during a fight with another inmate and that Plaintiff was transported to a hospital in the same van with the same inmate she [sic] had fought. Such bare allegations are not sufficient to warrant liability.

(Goord Mem. of Law, at 3.) Moreover, he argues that:

> Here, Plaintiff alleges only that he wrote a letter Commissioner Goord concerning the February 2005 assault at Elmira, a DOCS facility. According to Plaintiff, he was assaulted in December 2005 in Chemung, a Local Correctional Facility which is not under the control of the Department of Corrections.

(*Id.*, at 4.)

The two maxillofacial surgeons, Drs. Farr and Brown, argue that:

> Notably absent from Plaintiffs amended complaint are any allegations that either Dr. Farr or Dr. Brown acted with deliberate indifference to Plaintiffs serious medical needs, or that there was any violation of Plaintiffs Eighth Amendment right to freedom from cruel and unusual punishment (see, *Estelle v. Gamble*, 429 US 97, 106, 97 S. Ct. 285,292 [1976]; *Tomarkin v.*

> *Ward*, 534 F. Supp. 1224, 1228-1229 [SDNY 19821; *Arrovo v. Schaefer*, 548 F. 2d 47,49 [2'* Cir. 19771). At most, Plaintiffs amended complaint may be fairly read as asserting a claim for medical/dental malpractice, which does not transform into a constitutional violation under section 1983 'merely because the victim is a prisoner' (*Tomarkin v. Ward*, *supra*, at 1229; *Arrovo v. Schaefer*, *supra*, *citing Estelle v. Gamble*, 429 US 97, 106, 97 S. Ct. 285, 292).

(Surgeons' Mem. of Law, at 6.)

The Court's original briefing schedule did not provide for oral argument, since Plaintiff was incarcerated. However, Plaintiff contacted the Court by letter dated June 14, 2007, asking for oral argument, since he believed he would be released from incarceration by August 6, 2007. In response, the Court granted his request, and entered an Order on June 21, 2007, with the following language:

> ORDER re [23] Motion Scheduling Order: the Court grants Plaintiff's request for oral argument. Oral argument is scheduled for August 16, 2007, at 3:30 p.m. before Hon. Charles J. Siragusa at U.S. Courthouse, 100 State Street, Rochester, New York 14614. Plaintiff is directed to notify the Court not later than August 13, 2007, if he will be unable to attend oral argument due to continued incarceration. Signed by Hon. Charles J. Siragusa on 6/20/2007.

A copy of the Order was sent to Plaintiff at the address in the docket: Darryl Gilliam, 01-A-1478, Westchester County Jail, P.O. Box 10, Valhalla, NY 10595 by ordinary mail on or about June 21, 2007. Plaintiff did not contact the Court,[3] and on the scheduled date for oral argument, August 16, 2007, at 3:30 p.m., Plaintiff failed to appear. Consequently, the Court will decide the motions on the papers.

---

[3]The last letter received from Plaintiff was dated July 16, 2007, and the return address was the Westchester County Jail. (Pl.'s Reply to Answer (Jul 16, 2007) (Docket # 31).)

## STANDARDS OF LAW

*Rule 12(b)(6) Motion to Dismiss*

Recently, the U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955 (May 21, 2007), clarified the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id*. at 1964-65 (citations and internal quotations omitted).  *See also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143, 2007 WL 1717803 (2d Cir. Jun. 14, 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.)   When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000).  On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch*

*v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)(*citing In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)).

**New York Corrections Law**

The New York Corrections Law provides in pertinent part as follows:

1. "Department" means the state department of correctional services;

2. "Commissioner" means the state commissioner of correctional services;

3. "Commission" means the state commission of correction;

4. (a) "Correctional facility". Any place operated by the department and designated by the commissioner as a place for the confinement of persons under sentence of imprisonment or persons committed for failure to pay a fine. Except as provided in paragraph (b) of this subdivision, whenever reference has been or hereafter will be made in any statute, judgment, sentence, commitment, court order or otherwise to a state prison, state reformatory, reception center, diagnostic center or other institution or facility in the department, such reference shall be deemed to mean "correctional facility".

(b) The term "correctional facility" shall not, however, be deemed to mean or to include any place operated by the department for the care and confinement of persons who have been found to be mentally defective or mentally ill by a court and who are confined in such place pursuant to an order of a court based upon such finding.

(c) Whenever the term "institution" is used in this chapter or elsewhere in such context as to mean an institution in the department, such term shall be deemed to include correctional facilities and any other place operated by the department as a place for the confinement of persons.

* * *

16. (a) "Local correctional facility." Any place operated by a county or the city of New York as a place for the confinement of persons duly committed to secure their attendance as witnesses in any criminal case, charged with crime and committed for trial or examination, awaiting the availability of a court, duly committed for any contempt or upon civil process, convicted of any offense and sentenced to imprisonment therein or awaiting transportation under sentence to imprisonment in a correctional facility, or pursuant to any other applicable provisions of law.

> (b) Whenever the term "jail", "penitentiary" or "workhouse" is used in this chapter, such term shall be deemed to mean local correctional facility.
>
> (c) Whenever the term "sheriff" is used in this chapter, such term shall be deemed to include the warden, superintendent, or other person in charge of a local correctional facility.

N.Y. Correc. Law §§ 2(1), (2), (3), (4) (1970) & 2(16) (1989).

### *Section 1983*

Section 1983, derived virtually unchanged from the "Act to enforce the Provisions of the Fourteenth Amendment to the Constitution of the United States, and for other Purposes," (L. 1871, Ch. 22, Apr. 20, 1871), reads in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (1979).

### *Deliberate Indifference Claims Under 42 U.S.C. § 1983*

To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, Plaintiff must prove that Defendants' actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Harrison v. Barkley*, 219 F.3d 132, 136-37 (2d Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction

of pain.'" (*quoting Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)). As the Supreme Court explained in *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991), this standard includes both an objective and a subjective component. With respect to the objective component, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective component, the court must consider whether the deprivation was brought about by Defendants in wanton disregard of those rights. *Id*. To establish deliberate indifference, therefore, Plaintiff must prove that Defendants had a culpable state of mind and intended wantonly to inflict pain. *See Wilson*, 501 U.S. at 299; *DesRosiers v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991); *Steading v. Thompson*, 941 F.2d 498, 500 (7th Cir. 1991; *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y. 1992), *aff'd*, 970 F.2d 896 (2d Cir. 1992).

The Court in *Estelle* cautioned that mere negligence is not actionable. "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106, 97 S. Ct. 285. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id.* at 105-06. It is clear, then, that allegations of malpractice do not state a constitutional claim. *Id.*, 429 U.S. at 106 and n. 14, 97 S. Ct. 285; *Chance*, 143 F.3d at 703-04; *Ross*, 784 F. Supp. at 44.

Likewise, an inmate's "mere disagreement over the proper treatment does not

create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703; *see also Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) ("The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion"); *Massey v. Hutto*, 545 F.2d 45, 46 (8th Cir. 1976) (affirming dismissal of inmate's Eighth Amendment claim where evidence showed that "[t]o the extent that [the plaintiff] is not receiving the treatment he desires, his complaint reflects a mere disagreement over proper medical care"); *United States ex rel. Hyde v. McGinnis*, 429 F.2d 864 (2d Cir. 1970) (affirming dismissal of an inmate's complaint alleging Eighth Amendment violations, because entire basis of his claim was his disagreement with the prison doctor's professional judgment).

In addition, prison officials also have broad discretion in determining the type and extent of medical treatment given to inmates. *Thomas v. Pate*, 493 F.2d 151, 157 (7th Cir. 1974). Courts have repeatedly held that a prisoner does not have an absolute right to the treatment of his choice. *See Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986); *see also Jackson v. Fair*, 846 F.2d 811, 817-18 (1st Cir. 1988) (no claim of deliberate indifference to serious medical needs when prisoner was transferred from high-security psychiatric hospital to general prison population of another institution, because treatment at new facility was adequate and prisoner did not have right to treatment of his choice).

## ANALYSIS

Turning first to Defendant Goord's motion, the Court finds that a claim against him for the December 2005 assault at the county jail is not legally plausible under the facts plead. Plaintiff had not alleged why Goord, who has no jurisdiction or authority over a

county jail, N.Y. Corr. Law § 2, would be liable for Plaintiff's having been assaulted by fellow jail inmates, allegedly with the collusion of the jail guards. Though Goord evidently did not place Plaintiff in protective custody after the February 2005 assault at a facility over which Goord did have authority, Plaintiff does not allege any facts showing that but for Goord's failure to place him in protective custody while he was a state prisoner, he would not have been assaulted while a county jail inmate. Accordingly, Defendant Goord's motion to dismiss under Rule 12(b)(6) is granted.

With regard to the two surgeons' motion to dismiss, the Court determines that in his amended complaint, Plaintiff has not sufficiently alleged facts showing they were state actors. He does not allege that the surgeons acted "under color of any statute, ordinance, regulation, custom, or usage, of any State…." 42 U.S.C. § 1983. Plaintiff does not allege that the surgeons were acting in conspiracy with the corrections officers in order to violate Plaintiff's civil rights. *C.f. Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("the private parties conspiring with the judge were acting under color of state law…."). However, even assuming *arguendo* that the surgeons *were* acting under color of state law, Plaintiff does not allege that either surgeon, Dr. Brown or Dr. Farr, acted with deliberate, or that either had a culpable state of mind and intended wantonly to inflict pain upon him. Consequently, the claims against both Dr. Farr and Dr. Brown must be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, both Defendants' motions (## 15 & 25) pursuant to Federal Rule of Civil Procedure 12(b)(6) are granted. According to the Clerk's Docket, the remaining Defendants are: (1) Lt. Hamula, Chemung County Jail; (2) Mark Jones; (3) Anne

Daniels; (4) John Brinthaupt, Acting Sheriff on the date of incident; (5) John Doe #6, Maxillofacial Surgeon; and (6) Superintendent of Chemung County Jail. The Clerk is directed to enter Judgment for Defendants Goord, Brown and Farr and terminate them from this lawsuit.

Plaintiff is directed to provide the Court with any updated address pursuant to its local rule[4] and comply with the Orders of this Court and of U.S. Magistrate Judge Marian W. Payson, to whom this case has been referred for pretrial supervision.

It Is So Ordered.

DATED:   September 14, 2007
         Rochester, New York

                        ENTER.


                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Court Judge

---

[4] "[T]he Court must have a current address at all times. Thus, a pro se litigant must inform the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice." W.D.N.Y. Local Rule of Civil Procedure 5.1(d) (2003).